UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                    )
In re:                              )
                                    )
                                    )   Chapter 7
    MARIE C. ALAMED,                )   Case No. 13-30356-HJB
                                    )
                Debtor              )
_____)

**MEMORANDUM OF DECISION**

Before the Court is the "Trustee's Motion to Sell Property of the Estate by Private Sale, Free and Clear of Liens and Encumbrances" (the "Motion to Sell"), filed by David W. Ostrander, the Chapter 7 trustee (the "Trustee") in the bankruptcy case filed by Marie C. Alamed (the "Debtor"). Through the Motion to Sell, the Trustee seeks authority to sell the Debtor's beneficial interest in a family trust. The Debtor, in turn, has objected to the Motion to Sell on grounds that the Trust contains a valid and enforceable "spendthrift" provision, and thus her interest in the trust is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).[1]

I.    FACTS AND POSITIONS OF THE PARTIES

In February 2004, the Debtor's parents established "The Bouchard Family Irrevocable Trust" (the "Trust"), and, in connection therewith, conveyed their unencumbered real estate (the "Property") to the Debtor as trustee of the Trust.[2] Under

---

[1] All references to statutory provisions are to sections of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"), see 11 U.S.C. §§ 101 et seq., unless otherwise specified.

[2] The Property has an assessed value of $142,000.

1

the Trust, the parents are to receive, as beneficiaries, "so much of the net income or principal/gains hereof together with such amount or amounts as the Trustee may in her sole discretion determine advisable for the comfort, maintenance, support, and happiness of the Beneficiaries" and "any income generated from the Trust assets" "for their natural lifetime." T'ee Mem. of Law, Exhibit A (Trust Document), Art. I, April 17, 2014, ECF No. 44.  Both parents are still living.

Upon the deaths of the parents, the Trust assets will pass to the Debtor, should she be living.  The relevant Trust provision provides that, upon the parents' death:

> all Trust assets shall pass to MARIE C. ALAMED [the Debtor] . . . .  In the event MARIE C. ALAMED should predecease, all Trust assets shall pass, in equal shares, to the following named grandchildren: . . . .  If either of them shall predecease, then their share shall be divided amongst the surviving beneficiaries herein.

Trust Document, Art. I.  According to the Trustee, this contingent remainder interest in the Trust held by the Debtor (the "Remainder Interest") is an asset of the bankruptcy estate, and may be sold pursuant to § 363.[3]

The Debtor argues, however, that her Remainder Interest in the Trust is not property of the bankruptcy estate, and thus not subject to sale by the Trustee, on account of a "spendthrift" provision.[4]  She points to language in Article 2 of the Trust Document,

---

[3] The Debtor's remainder interest is contingent inasmuch as she must still be living at the time of her parents' death in order to receive the Trust assets.  See Gordon v. Feldman, 267 N.E. 2d 895, 896, 359 Mass. 25 (1971) (requirement of survivorship in remainder gift renders remainder contingent).

[4] A "spendthrift provision" is one that essentially places limitations on a gift given to another by way of trust.  By the use of such provisions, "the founder of a trust . . . provide[s] that his property shall go to his beneficiary with the restriction that it shall not be alienable by anticipation, and that his creditors shall not have the right to attach it in advance."  Broadway Nat'l Bank v. Adams, 133 Mass. 170, 174 (1882).  The requirements of a valid spendthrift provision under Massachusetts law are currently set forth in Mass. Gen. Laws ch. 203E, § 502, although that version does not apply to the Trust at issue here, as the Trust was created before the effective date of current statute.  See MA St. 2012, ch. 140, § 63.

2

which states:

> Any payment of principal or income shall be free from the interference and control of creditors and from all marital control and shall not be anticipated by way of assignment, whether voluntary or by process of law, and each such payment shall be so protected until its actual receipt by the appropriate recipient as authorized hereunder.

Trust Document, Art. 2, § 2.1 (the "Spendthrift Provision"). The Debtor maintains that the Spendthrift Provision protects her Remainder Interest, and is "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law," enforceable in her bankruptcy case. See 11 U.S.C. § 541(c)(2). Accordingly, the Debtor argues, the Remainder Interest is not property of the bankruptcy estate.

The Trustee maintains, however, that only the parents' beneficial interest in the Trust, and not the Debtor's Remainder Interest, is covered by the Spendthrift Provision. The Trustee reads the Trust Document as terminating the Trust on the death of the parents, thus removing any protection of the Spendthrift Provision over the remaining Trust assets. In addition, noting that a spendthrift provision is generally not enforceable in the context of a self-settled trust, the Trustee contends that the Spendthrift Provision is not enforceable as to the parents' interest in the Trust, as they are both settlors and beneficiaries. Alternatively, the Trustee argues that the parents' assertion of control over the Trust assets renders the Spendthrift Provision unenforceable. And because the Spendthrift Provision does not protect the parents, the Trustee says, "then it certainly does not protect the Debtor." T'ee Mem. at 4.

II.  DISCUSSION

"[T]he starting point for any analysis of whether a debtor's bankruptcy estate has

3

an interest in a trust that can be reached by a trustee is section 541(a) of the Bankruptcy Code . . . ." Lassman v. Tosi (In re Tosi), 383 B.R. 1, 10 (Bankr. D. Mass. 2008). Pursuant to § 541(a), the bankruptcy estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Under § 541(c)(2), however, a debtor's interest in a trust protected by a spendthrift clause does *not* become property of the bankruptcy estate, since:

> [a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2). As the Trust is governed by Massachusetts law, see Trust Document, Art. 9, the Court must determine whether the Debtor's Remainder Interest in the Trust is reachable under Massachusetts law. See Murphy v. Felice (In re Felice), 494 B.R. 160, 170 (Bankr. D. Mass. 2013) (state law determines a debtor's property interests under § 541(a)(1) and the enforceability of a spendthrift provision for purposes of excluding property from the estate under § 541(c)(2)); In re Wax, 147 B.R. 205, 206 (Bankr. D.S.D. 1992) ("Whether a contingent remainder interest in the trust is property of Debtor's estate depends on whether creditors may reach that interest under Massachusetts law.").

Spendthrift provisions are recognized and enforceable in Massachusetts. Adams, 133 Mass. at 174; see also Bank of New England v. Strandlund, 529 N.E. 2d 394, 395, 402 Mass. 707 (1988). "Such provision need not be in express terms, but it is sufficient if the intention is fairly to be gathered from the instrument, when construed in light of the circumstances." Wax, 147 B.R. at 207 (quoting Baker v. Brown, 15 N.E. 783, 785, 146 Mass. 369 (1888)). The parties do not appear to dispute that the Spendthrift Provision is sufficient under Massachusetts law, and the Court agrees.

4

The Trustee argues, however, that the Spendthrift Provision does not protect the Remainder Interest, since it will be distributed outright, presumably terminating the Trust, at the time of the parents' death.  This argument has been uniformly rejected by various courts, and this Court rejects it as well.

"The interpretation of a written trust is a matter of law to be resolved by the court. . . . A trust should be construed 'to give effect to the intention of the settlor as ascertained from the language of the whole instrument considered in light of the attendant circumstances.'"  Gershaw v. Gershfield, 751 N.E. 2d 424, 430 (Mass. App. Ct. 2001) (quoting Schroeder v. Danielson, 640 N.E. 2d 495, 497 (Mass. App. Ct. 1995); Harrison v. Marcus, 486 N.E.2d 710, 714, 396 Mass. 424 (1985)).  The Spendthrift Provision, by its terms, is drafted to protect "*[a]ny* payment of principal or income."  Trust Document, Art. 2, § 2.1 (emphasis supplied).  This language is sufficient to encompass the payment of the remaining Trust assets upon the death of the Debtor's parents.  Accordingly, the Debtor's Remainder Interest in the Trust is within the scope of the Spendthrift Provision.

The Massachusetts Supreme Judicial Court (the "SJC") reached the same conclusion in Gordon v. Feldman, holding that contingent remainder interests in a trust were protected by the trust's spendthrift provision.  267 N.E. 2d at 897.  Again in Strandlund, the SJC noted that the distribution of trust assets to a beneficiary upon the termination of a life estate was within the terms of a spendthrift provision which provided that "no income or principal at any time payable to any beneficiary under this will shall be attachable, trusteeable or in any manner liable for or to be taken for any debts, contracts or obligations of such beneficiary."  529 N.E. 2d at 395.  And courts in other jurisdictions, applying both Massachusetts law and similar non-Massachusetts laws, have held likewise.  See, e.g. Wachovia Bank, N.A. v. Levin, 419 B.R. 297, 304 (E.D.N.C. 2009);

5

Smith v. Baydush (In re Baydush), 171 B.R. 953, 958 (E.D. Va. 1994); Davis v. Hannegan (In re Hannegan), 155 B.R. 209 (Bankr. E.D. Mo. 1993); Wax, 147 B.R. at 208; Horsley v. Maher, 89 B.R. 51, 53 (D.S.D. 1988).

While the Trustee raises the argument that some courts have reached conflicting conclusions on similar facts, the two cases for which the Trustee provides an adequate citation, In re Crandall, 173 B.R. 836 (Bankr. D. Conn. 1994), and O'Neil v. Fleet Nat'l Bank (In re Britton), 300 B.R. 155 (Bankr. D. Conn. 2003), are not persuasive. In Crandall, the court held that a debtor's contingent remainder interest in a trust was property of the bankruptcy estate under § 541(a)(1), but that case did not involve a trust containing a spendthrift provision. See 173 B.R. at 839. And in Britton, a case involving a debtor's remainder interest in a trust that *did* contain a spendthrift clause, the court specifically noted that the parties did not address the application of the spendthrift provision to the remainder interest. 300 B.R. at 157. And the court did not analyze the impact of the spendthrift provision on the debtor's remainder interest in the trust either, merely following its previous holding in Crandall. See id. at 159.

In short, as the Baydush court noted, "[t]he fact that Debtor may, at some future date, receive distributions of corpus free of trust does not render the interest he presently holds free from the spendthrift provisions of the trusts." Baydush, 171 B.R. at 958. Here, the Court finds that the language of the Spendthrift Provision was intended to protect both the distribution of income and principal to the Debtor's parents during their lifetimes *and* to protect the final distribution to the Debtor upon their deaths. Accordingly, the Debtor's Remainder Interest in the Trust is not property of the bankruptcy estate pursuant to § 541(c)(2).

The Trustee's remaining argument can be dispatched quickly. It may be that the

*parents'* interests in the Trust are not protected by the Spendthrift Clause, either because they are the settlors of the Trust or because they exert "pervasive control" over the Trust. But the ineffectiveness of the Spendthrift Provision vis-à-vis the settlor-parents' interest and as against the parents' creditors does not nullify the spendthrift protections afforded the non-settlor Debtor's interest in the Trust. See, e.g., Felice, 494 B.R. at 172 ("equity shall not enforce a spendthrift provision in a 'self-settled' trust, one in which the settlor is also a beneficiary, *as to the creditors of the settlor-beneficiary*") (emphasis supplied); see also In re Schultz, 324 B.R. 712, 716 (Bankr. E.D. Ark. 2005) ("while a spendthrift provision is invalid as to the trust's settlor, creditors can only reach the settlor's interest in the trust; the entire trust is not necessarily invalid").

III.     CONCLUSION

For all the foregoing reasons, the Court finds and rules that the Spendthrift Provision is valid and enforceable under Massachusetts law as it relates to the Debtor's Remainder Interest in the Trust. Accordingly, the Debtor's Remainder Interest is not property of the bankruptcy estate and cannot be sold by the Trustee. The Motion to Sell must therefore be DENIED. An order in conformity with this Memorandum shall issue forthwith.

DATED: July 15, 2014

_____
Henry J. Boroff
United States Bankruptcy Judge